**Maurice SPEARMAN, Plaintiff–Appellant,**

v.

**R. ROSSBACH, Defendant–Appellee.**

No. 02–1919.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and POLSTER, District Judge.*

### ORDER

Maurice Spearman, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 30, 2000, Spearman filed a complaint against R. Rossbach, a correctional officer employed by the Michigan Department of Corrections at the Standish Maximum Correctional Facility, where Spearman is incarcerated. Relying upon the First Amendment, Spearman alleged that Rossbach retaliated against him for filing grievances by issuing two misconduct charges against him for the same conduct. The first misconduct charge for possession of contraband was issued to Spearman on March 25, 2000, following a March 24, 2000, shake down of his cell. The second misconduct charge for restitution to replace three damaged legal books that were discovered during that same shake down was issued to Spearman on April 8, 2000. Spearman sought declaratory, injunctive, and monetary relief.

Rossbach filed a motion for summary judgment, to which Spearman responded. A magistrate judge filed a report in which he recommended that Rossbach's motion be granted. Over Spearman's objections, the district court adopted the magistrate judge's report and recommendation, granted Rossbach's motion for summary judgment, and dismissed the case. The district court subsequently denied Spearman's motion for rehearing. Spearman now appeals.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)).

In order to establish a First Amendment retaliation claim, the plaintiff must prove that: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). If the plaintiff is able to make such a showing, the defendant then has the burden of showing that the same action would have been taken even absent the plaintiff's protected conduct. *See id.* at 399.

Upon review, we conclude that the district court properly granted summary judgment in favor of Rossbach. Spearman alleged the first element of a retaliation claim because he was engaged in protected conduct when he filed grievances against Rossbach. *See Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir.2000); *Noble v. Schmitt,* 87 F.3d 157, 162 (6th Cir.1996). However, Spearman failed to allege sufficient facts in order to support the second and third elements required to assert a retaliation claim. *See Thaddeus–X,* 175 F.3d at 394.

The record indicates that the second misconduct charge sought restitution for damage to the three legal books that were removed from Spearman's cell as contraband, not punishment for the unauthorized possession of the legal books. Since the second misconduct charge was simply supplemental in nature, it would not have a deterrent effect on future protected conduct. Because Spearman did not suffer an adverse action, he cannot establish the third element of a retaliation claim, namely, a causal connection between his protected conduct and an adverse action. However, even if Spearman's allegations were sufficient to establish a prima facie case of retaliation, there is no evidence that Rossbach would not have taken the same action in the absence of Spearman's protected activity. *See id.* at 399.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.